William A. Delgado (Bar No. 222666)
wdelgado@willenken.com
Rebecca T. Green (Bar No. 247690)
rgreen@willenken.com
WILLENKEN WILSON LOH & DELGADO LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
Telephone:  (213) 955-9240
Facsimile:   (213) 955-9250

Attorneys for Plaintiff
SAM DAE ENTERPRISES, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM DAE ENTERPRISES, INC., a California corporation<br><br>                    Plaintiff,<br><br>v.<br><br>STARRINESS USA, INC., a California corporation, LA LINDA USA, INC., a California corporation, and DOES 1 through 30, inclusive,<br><br>                    Defendants. | Case No.: 2:16-cv-01764<br><br>**COMPLAINT FOR:**<br><br>**COPYRIGHT  INFRINGEMENT AND VICARIOUS COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

138211.1

1   Plaintiff, Sam Dae Enterprises, Inc. ("Sam Dae" or "Plaintiff"), by and

2   through its attorneys of record, allege as follows against Starriness USA, Inc.

3   ("Starriness"), La Linda USA, Inc. ("La Linda"), and Does 1 through 30

4   (collectively "Defendants"):

5   **NATURE OF THE ACTION**

6   1.   This copyright case involves the wrongful misappropriation and use

7   of Plaintiff's copyrighted and creative works for unique hand bags, wallets,

8   backpacks, and luggage items.

9   **THE PARTIES**

10   2.   Plaintiff is a California corporation having its principal place of

11   business in Los Angeles, California.

12   3.   On information and belief, Defendant Starriness USA, Inc. is a

13   California corporation having its principal place of business at 9528 Rush Street

14   #H, South El Monte, CA  91733.  According to the California Secretary of State,

15   Starriness's agent for service may be served at 1725 Crest View Place, Pomona,

16   CA  91768.

17   4.   On information and belief, Defendant La Linda USA, Inc. is a

18   California corporation having its principal place of business at 9528 Rush Street

19   #H, South El Monte, CA  91733.  According to the California Secretary of State,

20   La Linda's agent for service may be served at 1725 Crest View Place, Pomona, CA

21   91768.

22   5.   On information and belief, Starriness and La Linda have been or are

23   mere shells, instrumentalities, and conduits of the other.  Under the circumstances,

24   adherence to any separate legal existence of the two companies would promote

25   injustice.  To avoid an inequitable result, Starriness and La Linda should be

26   regarded as the alter egos of each other.

27   6.   Defendants DOES 1 through 15 are individuals and/or entities whose

28   true names and capacities are presently unknown to Plaintiff.   Plaintiff is informed

138211.1

and believes, and thereon alleges, that at all times herein mentioned, each of the fictitiously named defendants was the agent, servant, and/or employee of his or her co-defendant and, in doing the things herein mentioned, was acting within the scope of his or her authority as such agent, servant, and/or employee, and with the permission and consent of his or her co-defendants, and that each of said fictitiously named defendants is, in some manner, liable or responsible to Plaintiff based upon the facts hereinafter alleged and thereby proximately caused injuries and damages to Plaintiff as more fully alleged herein.  Accordingly, Plaintiff sues said defendants by said fictitious names.  As such time as their true names and capacities become known to Plaintiff, Plaintiff will seek leave to amend this Complaint to insert said true names and capacities of such individuals and/or entities.

7.     DOES 16 through 30 are individuals and/or entities who acted as retailers or distributors or otherwise sold the infringing handbags, wallets, and luggage described herein.  Plaintiff is presently unaware of their identities. Accordingly, Plaintiff sues said defendants by said fictitious names.  As such time as their true names and capacities become known to Plaintiff, Plaintiff will seek leave to amend this Complaint to insert said true names and capacities of such individuals and/or entities.

## JURISDICTION AND VENUE

8.     This Court has personal jurisdiction over defendants because each of these Defendants are located in the Central District of California, target customers in the Central District of California, conduct business in the Central District of California, and/or have otherwise worked with companies in the Central District of California.

9.     This Court has subject-matter jurisdiction over the Copyright Act claim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10.     Venue is proper in the Central District of California under 28 U.S.C.

138211.1

§§ 1391 and 1400 because Defendants transact business in the Central District of California and may otherwise be found in this district, and a substantial part of the events giving rise to this litigation, including the injury to Plaintiff, occurred in the Central District of California.

## **GENERAL ALLEGATIONS**

Infringement of First Copyrighted Design

11.    Plaintiff, a successful company in the handbag industry since 1989, sells its products throughout the world, including locally in Los Angeles.  In fact, Plaintiff's handbags are available throughout the Los Angeles area and can easily be obtained by persons, including Defendants.

12.    Plaintiff owns and had owned prior to the infringing acts complained of herein, United States Copyright Registration No. VA 1-955-700, entitled LANY FLOWER VINTAGE EUROPE, a 2-D artwork design for application to a product such as handbags, wallets, luggage and backpacks (the "First Copyrighted Design") (registration attached as Exhibit A).

13.    The First Copyrighted Design depicts a female centered on a background comprised of unique European buildings and phrases related to same and appears in the registration as follows in Figure 1:

1
2
3
4
5
6
7
8
9
10
11
12



**Figure 1.**

13    14.    Plaintiff sells handbags and other items which incorporate the First

14  Copyrighted Design.  Examples of Plaintiff's handbags are set forth below in

15  Figure 2:

16
17
18
19
20
21
22
23
24
25
26
27
28

 

COMPLAINT
4

138211.1

1
2
3
4
5
6
7
8
9
10
11



**Figure 2.**

12      15.     In or around March 2016, Plaintiff discovered Defendants were

13  selling handbags, wallets, and luggage that bear designs that are identical or

14  strikingly similar to Plaintiff's First Copyrighted Design ("First Infringing

15  Handbags").  Examples of the First Infringing Handbags appear in Figure 3:

16
17
18
19
20
21
22
23
24
25
26
27
28

 

COMPLAINT

5

1
2
3
4
5
6
7
8
9
10



**Figure 3.**

11
12
13

16.     The side-by-side comparison in Figure 4 shows that Defendants'

14    handbags are essentially slavish copies of Plaintiff's copyrighted handbags:

15
16
17
18
19
20
21
22
23
24




Plaintiff's Handbag                    Defendants' Handbag

25
26
27
28

COMPLAINT
6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28




Plaintiff's Handbag          Defendants' Handbag




Plaintiff's Handbag              Defendants' Handbag

**Figure 4**.

//
//

138211.1

17.     Indeed, not only have Defendants copied the First Copyrighted Design, they have also copied of other aspects of Plaintiff's handbags such as the location of the name plate and buckle and the use of a sequined leather corner as illustrated below in Figure 5:




Plaintiff's Handbag                     Defendants' Handbag

**Figure 5**.

Infringement of Second Copyrighted Design

18.     Plaintiff owns and had owned prior to the infringing acts complained of herein, United States Copyright Registration No. VA 1-969-045, entitled LANY VINTAGE STORY, a 2-D artwork design for application to a product such as handbags, wallets, luggage and backpacks (the "Second Copyrighted Design") (registration attached as Exhibit B).

19.     The Second Copyrighted Design depicts the Eiffel Tower in the center of a background comprised of other assorted images including lipstick prints, flowers, and the Arc de Triomphe and appears in the registration as follows in Figure 6:

138211.1



**Figure 6**.

20.     Plaintiff sells handbags and other items which incorporate the Second Copyrighted Design.  Examples of Plaintiff's handbags are set forth below in Figure 7:

138211.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





**Figure 7**.

21.    In or around March 2016, Plaintiff discovered Defendants were selling handbags that bear designs that are identical or strikingly similar to

138211.1

1  Plaintiff's Second Copyrighted Design ("Second Infringing Handbags").

2  Examples of the Second Infringing Handbags appear in Figure 8:





**Figure 8**.

138211.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

22.     The side-by-side comparison in Figure 9 shows that Defendants' handbags are essentially slavish copies of Plaintiff's copyrighted handbags:





Plaintiff's Handbag                    Defendants' Handbag





Plaintiff's Handbag                    Defendants' Handbag

138211.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Plaintiff's Handbag                    Defendants' Handbag



Plaintiff's Wallet                     Defendants' Wallet

**Figure 9**.

COMPLAINT

13

138211.1

23.     Indeed, not only have Defendants copied the Second Copyrighted Design, they have also copied of other aspects of Plaintiff's handbags such as the ornamental clasps and the sequined corner bands as illustrated in red in Figure 10:



Plaintiff's Handbag                    Defendants' Handbag

**Figure 10**.

**Infringement of the Third Copyrighted Design**

24.     Plaintiff owns and had owned prior to the infringing acts complained of herein, United States Copyright Registration No. VA 1-957-909, entitled LANY Metal Design Artwork, 2-D artwork design for application to a product such as handbags, wallets, luggage and backpacks (the "Third Copyrighted Design") (registration attached as Exhibit C).

25.     The Third Copyrighted Design depicts a metal design artwork and appears in the registration as follows in Figure 11:

138211.1

**Figure 11**.

26.    Various of the First and Second Infringing Handbags also infringe the Third Copyrighted Design by virtue of having metal design artwork that is nearly identical to the Third Copyrighted Design as show below (for exemplary purposes) in Figure 12:



**Figure 12**.

27.    Upon information and belief, Defendants have misappropriated the First, Second, and Third Copyrighted Designs and are selling and/or have sold

COMPLAINT
15

138211.1

1  infringing handbags, wallets, and luggage throughout and beyond Los Angeles.

2      28.    Upon information and belief, Defendants are, without Plaintiff's

3  authorization, unlawfully reproducing, importing and distributing and/or selling the

4  First and Second Infringing Handbags (and possibly other infringing designs) in

5  this judicial district that feature a design that is identical or strikingly similar to the

6  First, Second, and Third Copyrighted Designs.

7      29.    Plaintiff has notified Defendants their actions constitute copyright

8  infringement in a cease and desist letter sent to Starriness by Plaintiff's counsel to

9  which no reply was received.

10     30.    Upon information and belief, Defendants continue to misappropriate

11 the First, Second, and Third Copyrighted Designs and to unlawfully reproduce,

12 import, distribute, and/or sell the First and Second Infringing Handbags in this

13 judicial district, featuring a design which is identical or strikingly similar to the

14 First, Second and Third Copyrighted Designs.

15                        **<u>FIRST CLAIM FOR RELIEF</u>**

16            **<u>(Copyright Infringement—First Copyrighted Design)</u>**

17              **<u>(Against Starriness, La Linda, and Does 1-15)</u>**

18     31.    Plaintiff realleges and incorporates by reference the matters alleged in

19 Paragraph 1 through 30 of this Complaint.

20     32.    Plaintiff registered with the United States Copyright Office the First

21 Copyrighted Design.

22     33.    Plaintiff owns the copyright interests in and to the First Copyrighted

23 Design, and Plaintiff's copyright in this work is valid and original.

24     34.    Plaintiff is informed and believes and thereon alleges that Starriness,

25 La Linda and Does 1-15 (the "Main Copyright Defendants") and each of them

26 have imported, manufactured, cause to be manufactured, and/or sold First

27 Infringing Handbags.

28     35.    Plaintiff is informed and believes and thereon alleges that the Main

138211.1

Copyright Defendants, and each of them, infringed Plaintiff's First Copyrighted Design by creating, making, and/or developing, directly infringing and/or derivative works from the First Copyrighted Design and by producing, distributing, and/or selling the First Infringing Handbags.

36.     Due to the Main Copyright Defendants' acts of infringement, Plaintiff has suffered damages to its business in an amount to be established at trial.

37.     Due to the Main Copyright Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

38.     Due to the Main Copyright Defendants' acts of copyright infringement as alleged herein, the Main Copyright Defendants, and each of them, have obtained direct and indirect profits they would not have otherwise have realized but for the infringement of the First Copyrighted Design.  As such, Plaintiff is entitled to disgorgement of the Main Copyright Defendants' profits directly and indirectly attributable to the Main Copyright Defendants' infringement of the First Copyrighted Design in an amount to be established at trial.

39.     The Main Copyright Defendants' actions as described herein render them liable for statutory damages pursuant to Section 504(c) of the Copyright Act. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

40.     Upon information and belief, Main Copyright Defendants also began such activities although they were fully aware of Plaintiff's superior rights to the First Copyrighted Design.  Therefore, Main Copyright Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional, and malicious, subjecting Main Copyright Defendants, and each of them, to liability for exemplary statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

138211.1

## SECOND CLAIM FOR RELIEF

### (Copyright Infringement—Second Copyrighted Design)

### (Against Starriness, La Linda, and Does 1-15)

41.     Plaintiff realleges and incorporates by reference the matters alleged in Paragraph 1 through 40 of this Complaint.

42.     Plaintiff registered with the United States Copyright Office the Second Copyrighted Design.

43.     Plaintiff owns the copyright interests in and to the Second Copyrighted Design, and Plaintiff's copyright in this work is valid and original.

44.     Plaintiff is informed and believes and thereon alleges that Main Copyright Defendants and each of them have imported, manufactured, cause to be manufactured, and/or sold Second Infringing Handbags.

45.     Plaintiff is informed and believes and thereon alleges that Main Copyright Defendants, and each of them, infringed Plaintiff's Second Copyrighted Design by creating, making, and/or developing, directly infringing and/or derivative works from the Second Copyrighted Design and by producing, distributing, and/or selling the Second Infringing Handbags.

46.     Due to Main Copyright Defendants' acts of infringement, Plaintiff has suffered damages to its business in an amount to be established at trial.

47.     Due to Main Copyright Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

48.     Due to Main Copyright Defendants' acts of copyright infringement as alleged herein, Main Copyright Defendants, and each of them, have obtained direct and indirect profits they would not have otherwise have realized but for the infringement of the Second Copyrighted Design.  As such, Plaintiff is entitled to disgorgement of Main Copyright Defendants' profits directly and indirectly attributable to Main Copyright Defendants' infringement of the Second Copyrighted Design in an amount to be established at trial.

49.     Main Copyright Defendants' actions as described herein render them liable for statutory damages pursuant to Section 504(c) of the Copyright Act. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

50.     Upon information and belief, Main Copyright Defendants also began such activities although they were fully aware of Plaintiff's superior rights to the Second Copyrighted Design.  Therefore, Main Copyright Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional, and malicious, subjecting Main Copyright Defendants, and each of them, to liability for exemplary statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

## THIRD CLAIM FOR RELIEF
### (Copyright Infringement—Third Copyrighted Design)
### (Against Starrines, La Linda, and Does 1-15)

51.     Plaintiff realleges and incorporates by reference the matters alleged in Paragraph 1 through 50 of this Complaint.

52.     Plaintiff registered with the United States Copyright Office the Third Copyrighted Design.

53.     Plaintiff owns the copyright interests in and to the Third Copyrighted Design, and Plaintiff's copyright in this work is valid and original.

54.     Plaintiff is informed and believes and thereon alleges that Main Copyright Defendants and each of them have imported, manufactured, cause to be manufactured, and/or sold certain of the First and/or Second Infringing Handbags with metallic artwork.

55.     Plaintiff is informed and believes and thereon alleges that Main Copyright Defendants, and each of them, infringed Plaintiff's Third Copyrighted Design by creating, making, and/or developing, directly infringing and/or

1  derivative works from the Third Copyrighted Design and by producing,
2  distributing, and/or selling certain of the First and/or Second Infringing Handbags
3  with metallic artwork.

4      56.    Due to Main Copyright Defendants' acts of infringement, Plaintiff has
5  suffered damages to its business in an amount to be established at trial.

6      57.    Due to Main Copyright Defendants' acts of infringement, Plaintiff has
7  suffered general and special damages in an amount to be established at trial.

8      58.    Due to Main Copyright Defendants' acts of copyright infringement as
9  alleged herein, Main Copyright Defendants, and each of them, have obtained direct
10  and indirect profits they would not have otherwise have realized but for the
11  infringement of the Third Copyrighted Design.  As such, Plaintiff is entitled to
12  disgorgement of Main Copyright Defendants' profits directly and indirectly
13  attributable to Main Copyright Defendants' infringement of the Third Copyrighted
14  Design in an amount to be established at trial.

15      59.    Main Copyright Defendants' actions as described herein render them
16  liable for statutory damages pursuant to Section 504(c) of the Copyright Act.
17  Within the time permitted by law, Plaintiff will make its election between actual
18  damages and statutory damages.

19      60.    Upon information and belief, Main Copyright Defendants also began
20  such activities although they were fully aware of Plaintiff's superior rights to the
21  Third Copyrighted Design.  Therefore, Main Copyright Defendants' acts of
22  copyright infringement as alleged above were, and continue to be, willful,
23  intentional, and malicious, subjecting Main Copyright Defendants, and each of
24  them, to liability for exemplary statutory damages under Section 504(c)(2) of the
25  Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000)
26  per infringement.

27

28

COMPLAINT

## FOURTH CLAIM FOR RELIEF

### (Vicarious Copyright Infringement)

### (Does 16-30)

61.     Plaintiff realleges and incorporates by reference the matters alleged in Paragraph 1 through 60 of this Complaint.

62.     Plaintiff is informed and believes and thereon alleges that Does 16-30 are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct, which includes the distribution and sales of infringing products, and because they had a direct financial interest in the infringing conduct.

63.     By reason of the infringement of Does 16-30 , and each of their acts of vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

64.     Due to the acts of copyright infringement as alleged herein, Does 16-30, and each of them, have obtained direct and indirect profits they would not have otherwise have realized but for their infringement.  As such, Plaintiff is entitled to disgorgement of the Does 16-30's' profits directly and indirectly attributable to the Does 16-30's infringement, in an amount to be established at trial.

65.     Does 16-30's actions as described herein render them liable for statutory damages pursuant to Section 504(c) of the Copyright Act.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

66.     Upon information and belief, Does 16-30 also participated in its infringing activities although they were fully aware of Plaintiff's superior rights to the First, Second, and Third Copyrighted Design.  Therefore, the acts of copyright infringement alleged above were, and continue to be, willful, intentional, and malicious, subjecting Does 16-30, and each of them, to liability for exemplary

COMPLAINT

21

138211.1

statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1.      Entry of an order and judgment requiring that Defendants and their agents, employees, and representatives, and all other persons, firms or corporations in active concert or participation with Defendants, be enjoined and restrained from using Plaintiff's First, Second, and Third Copyrighted Designs, including but not limited to manufacturing, selling, distributing, producing, promoting, advertising, offering for sale or otherwise placing into the market the First and Second Infringing Handbags or any other strikingly similar product infringing Plaintiff's First, Second, or Third Copyrighted Designs.

2.      Plaintiff's compensatory and consequential damages sustained by reason of the acts complained of herein, in the amount to be proven at trial, or, at Plaintiff's election, statutory damages under the Copyright Act.

3.      A judgment ordering Defendants to account to Plaintiff any and all revenues and profits they have derived from their wrongful actions, and a disgorgement of Defendants' wrongful profits and unjust enrichment.

4.      Exemplary damages under Section 504(c)(2);

5.      A judgment awarding Plaintiff his reasonable attorneys' fees and costs of suit and prejudgment interest; and

6.      Any other relief that the Court deems just and proper.

Dated:  March 15, 2016                WILLENKEN WILSON LOH &
                                       DELGADO LLP


                                       By: */s/ William A. Delgado*
                                            William A. Delgado
                                            Attorneys for Plaintiff
                                            SAM DAE ENTERPRISES, INC.

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands trial by jury on all issues so triable.

3

4

Dated:  March 15, 2016            WILLENKEN WILSON LOH &
                                  DELGADO LLP

5

6

7                                 By: */s/ William A. Delgado*
                                      William A. Delgado
8                                     Attorneys for Plaintiff
                                      SAM DAE ENTERPRISES, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

23